30 F.3d 126
 65 Fair Empl.Prac.Cas. (BNA) 161
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Walter F. BIGGINS, Plaintiff-Appellee,
v.
The HAZEN PAPER COMPANY, et al., Defendants-Appellants.
Walter F. BIGGINS, Plaintiff-Appellant,
v.
The HAZEN PAPER COMPANY, et al., Defendants-Appellees.
 Nos. 91-1591, 91-1614.
 United States Court of Appeals, First Circuit.
 June 27, 1994.
 
 ORDER OF COURT
 The order of the en banc court of June 27, 1994 having withdrawn the panel opinion, this court's judgment of October 18, 1993 is vacated.
 
 
 1
 The judgment of this court is now entered in accordance with this court's panel order of June 27, 1994, and in accordance with the en banc order of June 27, 1994.
 
 
 2
 Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and TAURO*, District Judge.
 
 PANEL ORDER
 
 3
 Pursuant to the direction of the En Banc Court we issue the following order:
 
 
 4
 1. The finding of liability on the ERISA count is affirmed. A remittitur of $7,000 on the damages award of $100,000 is to be made.
 
 
 5
 2. The finding of liability on the wrongful discharge count and the award of one dollar in damages are affirmed.
 
 
 6
 3. The finding of liability on the fraud count and the damages award of $315,098 are affirmed.
 
 
 7
 4. The finding of liability on the breach of employment contract count is reversed. The damages award on that count of $266,987 is annulled.
 
 
 8
 5. We affirm the district court's grant of j.n.o.v. on the Massachusetts Civil Rights Act count. This means the jury award of one dollar in damages on that count is annulled.
 
 
 9
 6. The awards of prejudgment interest on the ERISA count and the wrongful discharge and fraud counts are affirmed.
 
 
 10
 7. The district court's refusal to enhance plaintiff's attorney's fees is affirmed.
 
 
 11
 8. Plaintiff filed fee applications in September and November of 1993. It separates the fees requested into five segments. The first part is entitled: "Hours Expended Since Last Appellate Fee Application and Prior to Certiorari Petition to United States Supreme Court." The time expended runs from February 2, 1992, to March 24, 1992. The total fees requested amount to $16,293.50. On March 19, 1992, we awarded plaintiff $71,798.50 in appellate attorney's fees for the first appeal. This appeal involved a number of issues: three under the ADEA claim; the ERISA claim; four under the Massachusetts law claims; prejudgment interest; and attorney's fees. At the time we made our award we felt that it covered the time for the entire appeal. We do not think that plaintiff is entitled to any additional fees for the first appeal. We deny the request for additional fees in the amount of $16,293.50. The balance of the application has been rendered moot by the order of the En Banc Court.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation